# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES EDWIN PHINNEY, IV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-94-CEJ |
| | ) | |
| JEFFREY CARSON, et.al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the application of petitioner James Edwin Phinney, IV, for leave to commence this action without payment of the required filing fee. The court finds that petitioner is financially unable to pay any portion of the filing fee, and therefore, the motion will be granted.

## Background

Petitioner, a pretrial detainee at the St. Louis City jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner complains that he has been assessed excessive bail, and he states he filed a state habeas action pursuant to Missouri Supreme Court Rule 91 that was misfiled in his state criminal case. Petitioner also claims that respondents "operate unsafe jails," he was physically attacked while in protective custody, and he is being denied access to the law library, in violation of his constitutional rights. For relief, petitioner requests that

his "writ [be] filed here or in St. Louis City."

## Discussion

A habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. *See Viens v. Daniels*, 871 F.2d 1328, 1333 (7th Cir. 1989); *see also White v. Gittens*, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and monetary damages). The petition in this case is ambiguous in that it contains conditions-of-confinement allegations but only seeks the filing of his writ in the district court as relief.

If petitioner wishes to challenge the actual fact or duration of his confinement, then he must file an amended habeas corpus petition pursuant to 28 U.S.C. § 2241 on a court-provided form. Petitioner should exhaust all available state remedies prior to filing his § 2241 petition in this court. If, however, petitioner is seeking monetary, injunctive, and/or declaratory relief arising out of the conditions of his confinement at the St. Louis City jail, then he may file a separate lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff cannot amend his habeas petition to assert a claim based on the conditions of confinement in the jail.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail petitioner a form for filing a habeas corpus petition under 28 U.S.C. § 2241 and a form for filing a prisoner civil rights action under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that if petitioner wishes to pursue the instant habeas corpus action, then he must file an amended habeas petition on the court-provided form for filing a petition under 28 U.S.C. § 2241 **not later than February 27, 2016.**

**IT IS FURTHER ORDERED** that if petitioner fails to file an amended habeas corpus petition by the above deadline, this action will be dismissed, without prejudice and without further notice to petitioner

Dated this 29th day of January, 2016.

_____
**UNITED STATES DISTRICT JUDGE**